Order Entered.

*Patrick M. Flatley*
Patrick M. Flatley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GARRY J. THOMAS, | ) | 16-bk-1309 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| _____ | ) | |
| | ) | |
| ARCHIE D. HOUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-ap-03 |
| | ) | |
| GARRY J. THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Archie D. Houck (the "Plaintiff") seeks summary judgment on his complaint against Garry J. Thomas (the "Debtor") to except his judgment against the Debtor from the Debtor's anticipated bankruptcy discharge and lift the automatic stay to continue litigation regarding the appropriate amount of attorney fees to be awarded to him. Specifically, the Plaintiff asserts that the judgment order entered against the Debtor in the Circuit Court of Berkeley County, West Virginia (the "State Court"), supports a finding on summary judgment that the Plaintiff's judgment is nondischargeable under § 523(a)(6) of the Bankruptcy Code, and that cause exists to lift the automatic stay in the Debtor's underlying bankruptcy case based upon the court's anticipated finding of nondischargeability.

The Debtor contends that summary judgment is inappropriate because the State Court left unresolved genuine disputes of material facts relevant to the Plaintiff's action; namely, whether

1

the Debtor's conduct at issue was malicious as required to except a debt from discharge under § 523(a)(6). Additionally, the Debtor asserts that summary judgment is inappropriate at least regarding the State Court's award of attorney fees to the Plaintiff because that issue is still pending in the State Court. He asserts that the court should not lift the automatic stay until such time that the court resolves the issue of dischargeability.

For the reasons stated herein, the court will grant the Plaintiff's motion for summary judgment and lift the automatic stay to permit the Plaintiff to proceed in the State Court.

## I.  STANDARD OF REVIEW

Federal Rule of Civil Procedure ("Rule") 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is only appropriate if the movant demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment must make a prima facie case by showing: first, the apparent absence of any genuine dispute of material fact; and second, the movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of proof to establish that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Demonstrating an absence of any genuine dispute as to any material fact satisfies this burden. *Id.* at 323. Material facts are those necessary to establish the elements of the cause of action. *Anderson*, 477 U.S. at 248. Thus, the existence of a factual dispute is material — thereby precluding summary judgment — only if the disputed fact is determinative of the outcome under applicable law. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A movant is entitled to judgment as a matter of law if "the record as a whole could not lead a rational trier of fact to find for the non-movant." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (citation omitted); *see also Anderson*, 477 U.S. at 248.

If the moving party shows that there is no genuine dispute of material fact, the nonmoving party must set forth specific facts that demonstrate the existence of a genuine dispute of fact for trial. *Celotex Corp.*, 477 U.S. at 322-23. The court is required to view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Shaw,* 13 F.3d at 798. However, the court's role is not "to weigh the evidence and determine the truth of the matter [but to] determine whether there is a need for a trial." *Anderson*, 477 U.S. at 249-50. Nor should the court make credibility determinations. *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). If

no genuine issue of material fact exists, the court has a duty to prevent claims and defenses not supported in fact from proceeding to trial. *Celotex Corp.*, 477 U.S. at 317, 323-24.

## II. BACKGROUND

On September 23, 2015, the State Court entered its Judgment Order Following Jury Verdict. Despite the Debtor's argument to the contrary, the State Court Judgment, which is now a final, non-appealable order, resolved any genuine dispute of material facts relevant here. The Plaintiff owns certain real property in Hedgesville District of Berkeley County, West Virginia, identified as Parcel 10 on tax map H-8. The only access to the subject property is via a right-of-way from County Route 3/2 through two intervening parcels; the first of which is owned by the Debtor. For many years, the Plaintiff and his family have used the right-of-way, which extends from Route 3/2 for 799 feet and is 14 feet wide. In 2013, the Debtor constructed a fence on his property in an attempt to prevent the Plaintiff and his family from accessing their property via the right-of-way.

Ultimately, the Plaintiff filed a civil action against the Debtor in the State Court, which resulted in a jury verdict against the Debtor and an award of damages: $5,331.48 in actual damages and $15,000 in punitive damages. The State Court also ordered the Debtor to pay the Plaintiff's reasonable attorney fees, which are still the subject of litigation in the State Court.

## III. ANALYSIS

Exceptions to discharge under § 523 are construed narrowly in favor of providing debtors with a fresh start, *see Foley & Lardner v. Biondo (In re Biondo)*, 180 F.3d 126, 130 (4th Cir. 1999), and the Plaintiff bears the burden of demonstrating by a preponderance of the evidence that the Debtor's debt is nondischargeable under §523(a)(6). *Grogan v. Garner*, 498 U.S. 279, 291 (1991) (holding that the standard of proof for the dischargeability exceptions in § 523(a) is the preponderance-of-the-evidence standard).

Section 523(a)(6) provides that a discharge in bankruptcy does not apply to any debt that arises from the "willful and malicious injury by the debtor to another entity or to the property of another entity." § 523(a)(6). The test is conjunctive—the debtor's conduct must be both willful and malicious. *E.g., In re Miera*, 926 F.2d 741, 743 (8th Cir. 1991) (noting that willful and malicious are distinct elements of § 523(a)(6) exception to discharge). For a debt to be excepted from a debtor's discharge under § 523(a)(6), "the plaintiff must prove three elements by a preponderance of the evidence: (1) that the defendant's actions caused an injury to the plaintiff's

person or property, (2) that the defendant's actions were willful, and (3) that the defendant's actions were malicious." *In re Raeder*, 409 B.R. 373, 383 (Bankr. N.D.W. Va. 2009).

The exception to discharge under § 523(a)(6) is associated with the law of intentional torts, generally finding injuries stemming from intentional torts nondischargeable while injuries arising from conduct that is negligent or reckless remain dischargeable. *Kawaauhau v. Geiger*, 523 U.S. 57, 60 (1998). Notably, the acts must be done with actual intent to cause injury. *Id*. at 61 ("[N]ondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.") (emphasis in original). An intentional act alone "does not necessarily mean that he acted willfully and maliciously for purposes of § 523(a)(6)." *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 728 (4th Cir. 2006). For an injury to be "willful," the debtor must actually intend to cause injury. This sort of intentional conduct includes those actions where the debtor knows the consequences flowing from the alleged act are certain, or are substantially certain to occur. *See Barclays American/Business Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir. 1985).

"Malicious" under § 523(a)(6) means that the debtor's act was committed "deliberately and intentionally in knowing disregard of the rights of another." *First Nat'l Bank v. Statnley (In re Stanley)*, 66 F.3d 664, 667 (4th Cir. 1995) ("As used in section 523(a)(6), malicious means wrongful and without just cause or excessive even in the absence of personal hatred, spite, or ill-will.") (internal quotation omitted). Debtors may act with malice even if they do not have "subjective ill will toward" and do not intend to injure their creditor. *In re Stanley*, 66 F.3d at 667.

Because a debtor will rarely, if ever, admit to acting in a willful and malicious manner, those requirements may be inferred from the circumstances surrounding the injury at issue. *E.g., St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1010 (4th Cir. 1985) ("Implied malice, which may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances is sufficient under 11 U.S.C. § 523(a)(6).").

Here, the Plaintiff asserts that the State Court's findings, which he asserts support nondischargeability under § 523(a)(6), are entitled to preclusive effect in this proceeding. Specifically, the Plaintiff relies, among other things, on the State Court's findings that "punitive damages were justified and . . . that the [Debtor's] actions were willful . . . and malicious." The Debtor contends that the court must deny the Plaintiff's motion for summary judgment because, in his view, the State Court's findings are not entitled to preclusive effect, at least regarding

4

whether the Debtor's act to injure the Plaintiff was malicious. The Debtor also argues that his survival of summary judgment in the State Court indicates a reasonable belief that his conduct was justified.

The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires federal courts to give the same preclusive effect to a state-court judgment as another court of that State would give." *Donham v. Walters (In re Walters)*, Adv. No. 10-93, 2011 WL 22246166, at *2 (Bankr. N.D.W. Va. June 7, 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)). The "preclusion doctrine encompasses two strands: res judicata and collateral estoppel." *Walters* 2011 WL 22246166, at *2 (quoting *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008)). "Collateral estoppel[,] or issue preclusion, bars litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Id.* (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Issue preclusion requires "that the first judgment be rendered on the merits and be a final judgment by a court having competent jurisdiction over the subject matter and the parties." Syl. Pt. 3, *Conley v. Spillers*, 301 S.E.2d 216, 217 (W. Va. 1983). Specifically, an issue is precluded from relitigation when:

> (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Syl. Pt. 1, *State v. Miller*, 459 S.E.2d 114, 117 (W. Va. 1995).

Based on the foregoing, the court finds it appropriate to grant the Plaintiff's motion for summary judgment. First, the court concludes that the issue actually decided in the State Court is identical to that which is at stake in this nondischargeability action. Specifically, the State Court's judgment order precludes the Debtor from challenging the Plaintiff's complaint due to the State Court's finding that the injury to the Plaintiff was both willful and malicious. Despite the Debtor's argument to the contrary, the State Court made explicit findings regarding both willfulness and maliciousness. In addition to the language of the order cited above, the State Court also concluded that the Debtor's actions "constituted reckless conduct or criminal indifference to civil obligations affecting the rights of [the Plaintiff]." Such a finding, even without the explicit finding of maliciousness that the State Court made in this case, is sufficient to establish maliciousness for

purposes of § 523(a)(6). *See Jacques v. Hoak (In re Hoak)*, Adv. No. 16-ap-32, 2017 WL 83351, at *3 (Bankr. N.D.W. Va. Jan. 9, 2017).

Second, the fact that the Debtor survived summary judgment in the State Court is immaterial. The court looks to the final disposition of the matter in the State Court in order to determine whether the judgment entered therein is entitled to preclusive effect; and there is no doubt that a final adjudication on the merits occurred in that prior action. As for the third and fourth elements regarding issue preclusion, it is undisputed that privity between the parties to this action exists, and there is no argument that the Debtor was deprived of a fair opportunity to fully litigate the issue relevant to this case in the prior State Court action.

## IV. CONCLUSION

Based upon the analysis contained herein, the court finds that the State Court judgment against the Debtor is nondischargeable in bankruptcy under § 523(a)(6) of the Bankruptcy Code. Pursuant to Fed. R. Civ. P. 58, made applicable here by Fed. R. Bankr. P. 7058, the court will enter a separate order granting the Plaintiff's motion for summary judgment. Because the court finds the judgment to be nondischargebale, its order granting summary judgment will also grant the Plaintiff relief from the automatic stay so that he may proceed to resolve his claim for attorney fees in State Court to the extent that there remains a dispute over the reasonableness of the amount of fees to be awarded.